# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TONYA BAILEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-167 |
| GIBSON HOTEL MANAGEMENT, INC., ROBERT L. WEBSTER, II | ) ) ) ) |
|     Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiff's motions to strike the defendants' answers and deem averments not denied as admitted [docs. 17, 29], and Plaintiff's motion to strike Defendant Gibson Hotel Management Inc.'s ("GHMI") amended answer as untimely [doc. 33]. Defendant GHMI has responded to the motion to strike its initial answer [doc. 32], and Plaintiff has replied [doc. 34]. Defendant GHMI has also responded to the motion to strike its amended answer [doc. 38], and Defendant Webster has responded to Plaintiff's motion to strike his answer [doc. 40].

### I.  Background

Tonya Bailey, the plaintiff, has filed suit against GHMI, her former employer, and Robert L. Webster, II, the President and Chief Operating Officer of GHMI, raising claims of: (1) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401, *et seq.*; (2) hostile work environment under Title VII and the THRA;

(3) retaliation under Title VII and the THRA; (4) assault and battery; and (5) intentional infliction of emotional distress. [Doc. 1 at 1, 12-17]. Plaintiff alleges that, while working at GHMI, Defendant Webster made unwelcome sexual advances toward her on several occasions. [*Id*. at 6-9]. Plaintiff alleges that she reported Defendant Webster's conduct to human resources on numerous occasions, but no action was taken until June 2017, when GHMI offered Plaintiff $15,000 in exchange for signing a statement releasing GHMI from any legal liability for Defendant Webster's actions. [*Id*. at 6-10]. When plaintiff refused to sign the statement, she was terminated. [*Id*. at 11-12].

Defendants have filed answers to Plaintiff's amended complaint, and GHMI filed a first amended answer. [Docs. 14, 18, 31]. Plaintiff has moved to: (1) strike portions of both defendants' initial answers; (2) strike the entirety of GHMI's amended answer; and (3) deem averments in her complaint admitted. [Docs. 17, 29, 33].

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally, motions to strike are disfavored and will be denied unless the allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Mayes v. Envtl. Prot. Agency*, No. 3:05-cv-478, 2006 WL 2709237, at *4 (E.D. Tenn. Sept. 20, 2006) (internal quotation marks omitted); *see also Scott v. Regions Bank*, No. 2:08-cv-296, 2010 WL 908790, at *3 (E.D. Tenn. Mar. 12, 2010) ("Striking pleadings is a drastic remedy and motions to strike pleadings are disfavored"). The Sixth

Circuit has noted that "the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). Motions to strike are a matter for the court's discretion. *Lincoln Elec. Co. v. Nat'l Standard, LLC*, No. 1:09-cv-1886, 2010 WL 1133861, at *1 (N.D. Ohio Mar. 22, 2010).

### III. Analysis

#### A. Motions to Strike Defendant GHMI's Initial Answer and Amended Answer

In her motion to strike Defendant GHMI's initial answer, Plaintiff asserts that numerous portions of Defendant GHMI's answer should be deemed admitted, because the answer fails to specifically admit or deny the allegations in the complaint, as required under Federal Rule of Civil Procedure 8(b)(1)(B). [Doc. 17 at 4-20]. Instead, many of Defendant GHMI's responses to the complaint state that the allegations fail to state a claim upon which relief may be granted. [*Id.*]. Plaintiff also requests that paragraph 4, be stricken as immaterial, because it states that Plaintiff's allegations involve events in 2016, and none of the allegations of the complaint relate to illegal conduct in 2016. [*Id.* at 4]. Moreover, Plaintiff contests Defendant GHMI's claim that certain allegations in the complaint should be excluded under Federal Rule of Evidence 408.[1] [*Id.* at 9-17, 20]. Additionally, Plaintiff seeks to strike paragraphs 109 and 137 of Defendant GHMI's answer under Rule 408. [*Id.* at 17-19].

---
[1] Rule 408 sets forth the rules for the admissibility of evidence stemming from compromise offers and negotiations. Fed. R. Evid. 408.

After Plaintiff's motion to strike, Defendant GHMI filed an amended answer, correcting the issues raised by Plaintiff, with the exception of the Rule 408 issues. [Doc. 31 at 1-25]. Defendant GHMI indicated that it was filing the amended answer as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and in reliance on *Mills v. BlueCross BlueShield of Tenn., Inc.*, No. 3:15-cv-552, 2017 WL 78488 (E.D. Tenn. Jan. 9, 2017), which Defendant GHMI stated allows a party to amend a pleading without leave of court within 21 days of receiving a motion to strike. [Doc. 30 at 1]. Defendant GHMI also filed a response to the motion to strike asserting that the pleading stage was not the proper time for a Rule 408 challenge, and the remaining objections in Plaintiff's motion to strike were mooted by the filing of the amended answer. [Doc. 32 at 3-4].

Plaintiff then filed a motion to strike Defendant GHMI's amended answer in its entirety, asserting that the amended answer was procedurally improper, because it did not fall within the mandate of Rule 15(a)(1) that an amended answer as a matter of course be filed within 21 days of service of the answer. [Doc. 33 at 1-2]. Plaintiff contends that *Mills* only applies to amending a complaint, not an answer. [*Id*. at 3].

Plaintiff also filed a reply to Defendant GHMI's response to the first motion to strike, asserting that Defendant GHMI's attempt to amend without Plaintiff's consent or leave of court is fatal. [Doc. 34 at 1]. Plaintiff complains that Defendant both relies upon Rule 408 and uses Rule 408 to attach evidence, "irrespective of the Rule's lack of applicability to the pleading requirements." [*Id*. at 2]. Plaintiff states that the current stage of litigation is not an appropriate time for this Court to rule on the admissibility of evidence

under Rule 408, and the only issue is whether Defendant GHMI properly admitted or denied the averments in the complaint. [*Id*. at 5].

Defendant GHMI responds to Plaintiff's motion to strike the amended answer, and alternatively, moves this Court for leave to amend its answer. [Doc. 38]. Defendant GHMI reiterates that its amendment as a matter of course was proper under *Mills*. [*Id*. at 1-2]. Defendant GHMI also notes that it sought Plaintiff's consent to file an amended answer, and Plaintiff refused consent. [*Id*. at 2]. Nonetheless, Defendant GHMI states that, to the extent that this Court finds that it did not properly amend its answer as a matter of course, this Court should grant leave to amend. [*Id*. at 3].

As an initial matter, although both parties have argued in their pleadings and filings that the other party's factual allegations in the complaint and answer are inadmissible and should be stricken under Rule 408, both parties now admit that this stage of the proceeding is not the appropriate time to raise Rule 408 matters. [Doc. 32 at 3-4; Doc. 34 at 2, 5]. Accordingly, this Court will not address the Rule 408 issues at this time.[2]

A party may amend a pleading as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). However, if the pleading is "one to which a responsive pleading is required," a party may amend the pleading within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend its pleading only with

---

[2] This Court notes that the parties argued this issue extensively before admitting that the pleading stage was not a proper time for such debate. The Court encourages the parties not to raise issues in their filings that are not proper for the Court's consideration at the current stage of the proceeding, and to participate in the instant litigation in good faith.

5

the consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). Courts are to grant such leave freely when justice so requires. *Id*. This Court reiterated these rules in *Mills*. 2017 WL 78488, at *1-2.

Plaintiff is correct that Defendant GHMI's amended answer is untimely under Rule 15(a)(1)(A). Defendant GHMI filed its initial answer, through the Court's Electronic Case Filing System ("ECF"), on May 31, 2018 [doc.14], which constituted service of the pleading. *See* ECF Rules and Procedures of the U.S. Dist. Ct. for the E.D. of Tenn., Rule 9 (stating that the notice of electronic filing generated through the ECF shall, upon transmission by the Court, constitute service of the filed document upon Filing Users participating in a pending action). Accordingly, Defendant GHMI had until June 21, 2018 to file an amended answer as a matter of course, and their amended answer, filed July 9, 2018, was untimely under Rule 15(a)(1)(A). *Mills* is inapplicable, because it merely reiterates Rule 15(a)(1)(B), which only applies to pleadings to which a responsive pleading is required—not an answer. *See* Fed. R. Civ. P. 15(a)(1)(B); *Mills*, 2017 WL 78488, at *1-2.

Nonetheless, because Defendant GHMI has requested leave of court to file an amended answer, this Court will grant such leave. This Court finds that granting leave to amend is appropriate, as Plaintiff will not be prejudiced,[3] and such procedure complies with the policy favoring disposition of a case on the merits, rather than technicalities at the

---

[3] This Court notes that Defendant GHMI alleges that it requested Plaintiff's consent to file an amended answer, in response to Plaintiff's first motion to strike, and Plaintiff denied such consent. This Court encourages Plaintiff to participate in the instant litigation in good faith.

pleading stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Accordingly, Defendant GHMI's alternative motion for leave to amend its answer [doc. 38] will be granted. Plaintiff's motion to strike Defendant GHMI's initial answer [doc. 17] and motion to strike Defendant GHMI's amended answer [doc. 33], will be denied.

### B. Motion to Strike Defendant Webster's Answer

Similarly, in her motion to strike portions of Defendant Webster's answer, Plaintiff asserts that numerous portions of Defendant Webster's answer should be deemed admitted, because the answer fails to specifically admit or deny the allegations in the complaint, as required under Rule 8(b)(1)(B). [Doc. 29 at 3-18]. Instead, many of Defendant Webster's responses to the complaint state that the allegations fail to state a claim upon which relief may be granted, and state that the allegations are inadmissible pursuant to Rule 408. Plaintiff contests Defendant Webster's claim that certain allegations should be excluded under Rule 408. [*Id*.]. Additionally, Plaintiff seeks to strike from the answer any of Defendant Webster's denials which demand "strict proof," arguing that such is improper and clearly violates Rule 8(b). [*Id.* at 18-19]. Finally, Plaintiff seeks to strike Defendant Webster's affirmative defenses that do not meet the *Twombly/Iqubal*[4] plausibility standard. [*Id.* at 20-24]. Plaintiff asserts that several of Defendant Webster's affirmative defenses are bereft of any facts making it "plausible" that such defenses could succeed. [*Id.* at 23].

---

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant Webster responds that his answers to the averments in Plaintiff's complaint placed Plaintiff on clear notice that the allegations failed to state a claim, and he would rely on Rule 408 to seek exclusion at the appropriate time, and therefore, his responses should not be stricken. [Doc. 40 at 3]. Additionally, Defendant Webster asserts that, although he did not use the term "admit" or "deny" in several of his responses, he provided enough factual detail to notify Plaintiff that he was denying her role as an employee rather than an independent contractor, and such responses should not be stricken. [*Id*. at 4-5]. Defendant Webster further argues that his demands for "strict proof" should not be stricken, because they do not alter the standard of proof to which Plaintiff will be subjected at trial. [*Id*. at 5]. Finally, Defendant Webster argues that his affirmative defenses should not be stricken. [*Id*. at 5-7]. To the extent that this Court finds that his responses were not proper under Rule 8, Defendant Webster requests leave of court to submit an amended answer. [*Id*. at 1].

Initially, as discussed above, although both parties have argued in their pleadings and filings that the other party's factual allegations in the complaint and answer are inadmissible and should be stricken under Rule 408, both parties now admit that this stage of the proceeding is not the appropriate time to raise Rule 408 matters. [Doc. 34 at 2, 5; Doc. 40 at 3]. Accordingly, this Court will not address the Rule 408 issues at this time.

    i.    <u>Responses to Plaintiff's Allegations</u>

Rule 8(b) requires that a party, in responding to a pleading "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). The rule requires that a denial fairly respond to the substance of the allegation. Fed. R. Civ. P.

8(b)(2). If a party does not intend to deny all of the allegations in a complaint, the party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). If a party lacks knowledge or information sufficient to form a belief about the truth of an allegation, the party must state such, and the statement will have the effect of a denial. Fed. R. Civ. P. 8(b)(5). Answers that neither admit nor deny, but simply demand proof of the plaintiff's allegations are insufficient to constitute a denial. *Revocable Living Trust of Stewart I v. Lake Erie Utilities Co.*, 3:14-cv-2245, 2015 WL 2097738, at *3 (N.D. Ohio May 5, 2015). If a responsive pleading is required and an allegation is not denied, the allegation is deemed admitted. Fed. R. Civ. P. 8(b)(6).

It appears that Defendant Webster's answer, to the extent that it fails to specifically admit, deny, or state a lack of sufficient knowledge regarding the allegations in the complaint, and rather, states that allegations do not state a claim for relief, does not comply with Rule 8(b). Although Defendant Webster's responses may contain factual allegations that indicate an intent to deny Plaintiff's allegations, under Rule 8(b), Defendant Webster is required to "specifically deny designated allegations" or deny all allegations except those "specifically admitted." Fed. R. Civ. P. 8(b)(3). Nonetheless, given that Defendant Webster has requested leave to file an amended answer, this Court finds that it is appropriate to allow Defendant Webster to amend his answer, rather than invoking the "drastic remedy" of striking portions of the answer. Accordingly, Defendant Webster's request for leave of court to file an amended answer will be granted and Plaintiff's motion

to strike will be denied as to Defendant Webster's responses to the allegations in the complaint.

    ii.    Affirmative Defenses

*Twombly* and *Iqbal* modified the pleading requirements for complaints by creating a plausibility standard. *Sewell v. Allied Interstate, Inc.*, No. 3:10-cv-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011). However, the Supreme Court did not state in *Twombly* or *Iqbal*, or any case since, that this heightened pleading standard applies to defenses, and the Sixth Circuit has not expanded *Twombly* and *Iqbal* to apply to defenses. *Id*. However, district courts across the country are split on whether the *Twombly* and *Iqbal* heightened pleading standard applies to affirmative defenses. *Id*. (collecting cases).

Under the current Sixth Circuit approach, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (internal quotation marks omitted). In *Lawrence*, which involved a § 1983 civil rights action, the Sixth Circuit held that it was sufficient for the defendants to plead that they were "entitled to qualified immunity for all activities complained of in this complaint." *Id*. The Sixth Circuit has also held, post-*Twombly*, that a defendant sufficiently pleaded a statute-of-repose defense when its answer stated that "Plaintiff's causes of action are barred in whole or in part by the applicable statues of limitations and repose." *Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009).

Because *Twombly* and *Iqbal* do not expressly apply to defenses, and because the Sixth Circuit has not expanded the heightened pleading standard to affirmative defenses,

this Court declines to do so. Accordingly, the Court finds that Defendant Webster's affirmative defenses give Plaintiff fair notice of his defenses. No more is required as this stage. Plaintiff's motion to strike Defendant Webster's affirmative defenses will be denied.

**IV.     Conclusion**

For the reasons stated herein, Plaintiff's motions to strike [docs. 17, 29, and 33] will be denied, Defendant GHMI's alternative motion for leave to amend its answer [doc. 38] will be granted, and Defendant Webster's request for leave to file an amended answer [doc. 40] will be granted. An order consistent with this opinion will be entered.

s/ Leon Jordan
United States District Judge
