UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TONYA BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-167-RLJ-HBG |
| | ) | |
| GIBSON HOTEL MANAGEMENT, INC., | ) | |
| and ROBERT L. WEBSTER, II, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Permission to Withdraw as Counsel of Record [Doc. 49], filed by Plaintiff's counsel. For grounds, the Motion states that continuing representation will cause counsel's law firm great hardship because it will require it to put forth extensive time and resources for which it may not be compensated. The Motion states that Plaintiff will not suffer prejudice because the close of discovery is not until December 24, 2019, and the trial does not commence until March 24, 2020. The Motion provides Plaintiff's current address and telephone number. In addition, Attorney Friauf states that Plaintiff was provided a copy of the Motion on March 11, 2019. Plaintiff's counsel certifies that he has met all the requirements of Local Rule 83.4(g).

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;

> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Friauf's Motion to Withdraw complies with the Local Rules, except he did not provide Plaintiff a copy of the Motion fourteen (14) days prior to filing. Here, Attorney Friauf states that he provided a copy of the Motion to Plaintiff on March 11, 2019. The Motion was filed on March 21, 2019, eleven days after sending Plaintiff a copy, as opposed to the required fourteen (14) days. In any event, however, there has been no response to the Motion. Because there has been no response to the Motion, the Court **GRANTS** the Motion for Permission to Withdraw as Counsel of Record [**Doc. 49**]. The Court expects Attorney Friauf to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request. Attorney Friauf is **RELIEVED** of his duties as counsel in this case.

Plaintiff is hereby **ADMONISHED** that she is **DEEMED** to be proceeding *pro se*. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's

Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff at the address provided in the Motion to Withdraw and to update ECF accordingly.

    **IT IS SO ORDERED.**

                      ENTER:

                      /s/ Bruce Guyton
                      United States Magistrate Judge